UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
COURT FILE NO.: CV - _____

| | |
|---|---|
| Debra Kistler<br><br>　　　　Plaintiff,<br>v.<br><br>Collectcorp Corporation and Jason Butler<br><br>　　　　Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.  This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 et. seq. (FCEUA), and violations of the Pennsylvania

Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et. seq., as well as other state law tort claims.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here in Pennsylvania.

## PARTIES

4. Plaintiff Debra Kistler is a natural person who resides in the town of Lehighton, County of Carbon, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, CollectCorp Corporation (hereinafter "Collectcorp"), is a corporate entity with place of business located at 455 North 3rd Street, Suite 260, Phoenix Arizona 85004.

6. At all times relevant to this Complaint, Collectcorp transacted business in the Middle District of Pennsylvania and at other locations throughout the United States, operating as a lawyer and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Jason Butler (hereinafter "Butler") is a natural person employed by Defendant as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff Debra Kistler allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C § 1692a(5), namely, a debt with Bank of America.

9. Plaintiff allegedly became delinquent on said account and unable to make her monthly payments due to circumstances beyond her control.

10. In or around January 2007, Defendants began contacting Plaintiff by telephone and U.S. Mail in an attempt to coerce payment of a debt.

11. On or about January 25, 2007, Defendant Collecorp, by and through its agent/employee contacted Kistler at her residence in an attempt to coerce payment of a debt.

12. During the January 25, 2007, Defendant stated that Kistler owed approximately $5,000.00 to Bank of America and inquired as to Kistler's ability to make payment in full on the account. Kistler advised Defendant that she was financially unable to make payment in full on the account.

13. Upon hearing Kistler's response indicating an inability to pay the debt in full, Defendant falsely and deceptively stated that Kistler had available credit of $20,000.00 and advised her to pay the debt with the

available credit. Kistler instructed Defendant that the credit he was referring to could only be that of her husband from which she was separated.

14. Upon advising Defendant that she could not use the alleged available credit, Defendant advised her that he could take a judgment against Kistler and/or garnish her wages, in violation of multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(3), 1692e(4), 1692e(5), 1692e(10) and 1692f amongst others.

15. Defendants calls to Plaintiff have caused Plaintiff fear, anxiety and increased stress.

## TRIAL BY JURY

16. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. §1692 et seq.**

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The foregoing acts and omissions of these Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

19. As a result of each and every Defendant's violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and actual damages, and is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## COUNT II.

## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA)

## 73 P.S. § 2270.1 et. seq.

## AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL)

## 73 P.S. § 201-1 et. seq.

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Defendants are "debt collectors" as defined by 73 P.S. § 2270.3 of the FCUEA.

22. Plaintiff is a "consumer" as defined by 73 P.S. § 2270.3 of the FCUEA.

23. All of the above contacts by Defendants were "communications" relating to a debt as defined by 73 P.S. § 2270.3 of the FCUEA.

24. The foregoing acts and omissions of these Defendants constitute numerous and multiple violations of the FCEUA and UTPCPL, including but not limited to 73 P.S. § 2270.4(a), as evidenced by the following conduct:

> (a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;
>
> (b) Making false and deceptive statements in connection with the collection of a debt;
>
> (c) Falsely stating or implying that any person is an attorney when he or she is not;
>
> (d) Stating that nonpayment of a debt will result in garnishment of wages when the same is prohibited by state law;
>
> (e) Threatening to take legal action which cannot legally be taken or which is not intended to be taken;

  (f) Use of false representations or deceptive means to collect a debt;

  (g) The use of unfair or unconscionable means to collect or attempt to collect an alleged debt.

25. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law with the purpose of coercing Plaintiff to pay the debt.

26. As a result of the of the above violations of the FCUEA and UTPCPL, Plaintiff has suffered ascertainable losses entitling her to an award of statutory, actual and treble damages and attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant for:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §1692 et seq.

- For an order declaring that the Defendants' actions as described above are in violation of the FDCPA;

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

## COUNT II.

## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA)

## 73 P.S. § 2270.1 et. seq.

## AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL)

## 73 P.S. § 201-1 et. seq.

- for an order declaring that the Defendants' actions as described above are in violation of the FCEUA and the UTPCPL;

- for an order be entered enjoining the defendants from continuing to communicate with Plaintiff in violation of the FCEUA and the UTPCPL;

- for an award of actual damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of statutory damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of treble damages pursuant 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 73 P.S.§ 201-9.2(a).

Dated: February    , 2007

Respectfully submitted,
**RAPA LAW OFFICE, P.C.**

By:  s/Jason M. Rapa
Jason M. Rapa, Esquire
PA Attorney I.D. No. 89419
141 S. 1st Street
Lehighton, PA, 182335
Telephone (610) 377-7730

**Attorney for Plaintiff**

# **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF PENNSYLVANIA )
                                  ) ss
COUNTY OF CARBON      )

I, DEBRA KISTLER, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. I have provided my attorneys with true and correct copies of each and every exhibit which has been attached to this Complaint.
7. I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

*/s/ Debra Kistler*
**DEBRA KISTLER**

Subscribed and sworn to before me this 22nd day of February 2007.

*/s/ Opal N. Snyder*
Notary Public

NOTARIAL SEAL
OPAL N SNYDER
Notary Public
LEHIGHTON BOROUGH, CARBON COUNTY
My Commission Expires Sep 1, 2010